UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

- against -

JEFFREY GASTON,

                Defendant.

**ORDER**

14 Cr. 28 (PGG)

---

PAUL G. GARDEPHE, U.S.D.J.:

      On April 18, 2023, Defendant Jeffrey Gaston – who is proceeding pro se – filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). (Def. Br. (Dkt. No. 145)) The Government opposes Defendant's application. (Dkt. No. 150)

      For the reasons stated below, Gaston's motion for compassionate release will be denied.

## BACKGROUND

      On January 15, 2014, the Government filed an indictment charging Gaston with: (1) conspiracy to commit Hobbs Act robbery; (2) a May 6, 2012 attempted Hobbs Act robbery; (3) a September 3, 2012 Hobbs Act robbery; and (4) two counts of using, carrying, and possessing a firearm in furtherance of a crime of violence. (Indictment (Dkt. No. 2))

      On October 9, 2014, Gaston pled guilty to conspiracy to commit Hobbs Act robbery. (Oct. 9, 2014 Plea Tr. (Dkt. No. 50) at 34)

      On March 16, 2015, this Court sentenced Gaston to 151 months' imprisonment and three years' supervised release. (Mar. 16, 2015 Sent. Tr. (Dkt. No. 66) at 24)

On April 18, 2023, Gaston filed a pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (Dkt. No. 145) The Government filed its opposition brief on August 4, 2023. (Dkt. No. 150)

## DISCUSSION

### I.     LEGAL STANDARD

The compassionate release statute – 18 U.S.C. § 3582(c)(1)(A) – provides that a court may,

> upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant[,] . . . reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction. . . .

18 U.S.C. § 3582(c)(1)(A).

A defendant seeking compassionate release must "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or "30 days [must have passed] from the receipt of such a request by the warden of the defendant's facility." Id.

Where a defendant has exhausted his administrative remedies, a court considering an application for compassionate release must (1) determine whether there are "extraordinary and compelling reasons [that] warrant . . . a [sentence] reduction"; and (2) weigh the factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A)(i). "[T]he district court has broad discretion in evaluating a defendant's motion for compassionate release," United States v. Vargas, 502 F. Supp. 3d 820, 824 (S.D.N.Y. 2020), and may "consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them. . . ." United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020).

2

## II.  ANALYSIS

The Government does not dispute that Gaston has exhausted his administrative remedies. Accordingly, the disputed issues are whether Gaston has made the necessary showing of "extraordinary and compelling reasons," and whether the § 3553(a) factors warrant a sentence reduction. (See Govt. Opp. (Dkt. No. 150) at 3-4)

### A.  Extraordinary and Compelling Reasons

As to "extraordinary and compelling reasons," Gaston cites a provision in the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), that eliminates the simultaneous "stacking" of sentences for multiple convictions under 18 U.S.C. § 924(c)(1)(C). (Def. Br. (Dkt. No. 145) at 8-10)

Prior to the 2018 amendments to 18 U.S.C. § 924(c)(1)(C) that are set forth in the First Step Act, the statute provided that, "[i]n the case of a second or subsequent conviction under [Section 924(c)], the person shall . . . be sentenced to a term of imprisonment of not less than 25 years." 18 U.S.C. § 924(c)(1)(C) (effective Oct. 6, 2006) (emphasis added). As a result of the 2018 amendments, however, Section 924(c)(1)(C) now provides that a 25-year term of imprisonment may only be imposed "[i]n the case of a violation of [Section 924(c)] that occurs after a prior conviction under this subsection has become final." 18 U.S.C. § 924(c)(1)(C) (effective Dec. 21, 2018) (emphasis added); see First Step Act, Pub. L. No. 115-391, § 403, 132 Stat. 5194, 5221-22.

Here, Gaston pled guilty to conspiracy to commit Hobbs Act robbery. He did not plead guilty to any charges brought under 18 U.S.C. § 924(c) (Oct. 9, 2014 Plea Tr. (Dkt. No. 50) at 34), and those charges were dismissed at sentencing. (Mar. 16, 2015 Sent. Tr. (Dkt. No. 66) at 24)

In sum, the Section 924(c) charges alleged against Gaston in the Indictment played no role in determining his sentence, and did not affect his sentencing range under the Sentencing Guidelines. Accordingly, the 2018 amendments to Section 924(c) set forth in the First Step Act do not constitute "extraordinary and compelling reasons" justifying a reduction in his sentence.

Gaston also argues that he has made "extensive efforts [at] rehabilitation," citing a number of Bureau of Prisons programs he has completed while incarcerated. (Oct. 10, 2023 Def. Ltr. (Dkt. No. 151) at 1-7) The law governing compassionate release expressly provides, however, that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason" justifying compassionate release. 28 U.S.C. § 994(t); see also U.S.S.G. § 1B1.13(d) ("Pursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement.").

In sum, Gaston has not demonstrated that "extraordinary and compelling reasons" warrant compassionate release or a sentence reduction.

### B.    18 U.S.C. § 3553(a) Factors

Even if Gaston had proffered "extraordinary and compelling reasons" justifying his release, his application would still be denied, because the Section 3553(a) factors do not favor his request for compassionate release or a sentence reduction.

18 U.S.C. § 3553(a) provides:

> (a) Factors To Be Considered in Imposing a Sentence.—The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
>
> > (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> >
> > (2) the need for the sentence imposed—

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.]

18 U.S.C. § 3553(a)(1)-(2).

The 151-month sentence this Court imposed on Gaston served these sentencing objectives.

Between 2009 and 2012, Gaston was a member of a robbery crew that targeted individuals believed to have cash, including drug dealers and business owners. (Mar. 16, 2015 Sent. Tr. (Dkt. No. 66) at 16) Gaston's involvement with the crew included several attempted robberies as well as completed robberies. (Id.) He and his co-conspirators carried and used guns during these robberies. (Id.)

On May 6, 2012, for example, Gaston participated in a home invasion robbery of an elderly couple in which the conspirators "forcibly entered the couple's apartment, tied up the couple at gunpoint, . . . demanded money and drugs," and stole $40,000 and other items. (Id.)

And on September 3, 2012, the defendant and his co-conspirators robbed a business owner on his way to a bank. Wearing a mask and holding a gun, the Defendant robbed the victim of $15,900 in cash. (PSR (Dkt. No. 52) ¶ 14; see also Mar. 16, 2015 Sent. Tr. (Dkt. No. 66) at 16-17) The victim and two others chased the Defendant as he ran away. The Defendant then turned and fired his gun in their direction. (PSR (Dkt. No. 52) ¶ 14)

And on October 4, 2013, the Defendant and two co-conspirators were involved in the carjacking and robbery of another victim. The conspirators robbed the victim of cash at gunpoint. (Aug. 4, 2023 Govt. Ltr. (Dkt. No. 150) at 2)

Gaston also has an extensive criminal record, which includes twelve prior convictions. (Mar. 16, 2015 Sent. Tr. (Dkt. No. 66) at 18) In connection with his crimes, Gaston has "repeatedly and seriously injured law enforcement officers who attempted to apprehend him," and "he could have killed untold numbers of pedestrians who dove out of his way as he drove at high speeds to escape the police." (Id. at 19) Gaston also committed many of his crimes while on parole or probation. (Id.; see also PSR (Dkt. No. 52) at ¶¶ 41-52) Terms of imprisonment imposed and served prior to the instant offense had no apparent deterrent effect. For example, the Defendant was sentenced to five years' imprisonment in 2008, and almost immediately after his release began committing the robberies that are the subject of the instant conviction. (Mar. 16, 2015 Sent. Tr. (Dkt. No. 66) at 19-20; see also PSR (Dkt. No. 52) at ¶¶ 49-52)

At sentencing, this Court observed that since Gaston

> was age 17 [he] has had an unbroken record of criminal activity. His criminal activity has gotten more serious over time and has involved serious acts of violence against both law enforcement officers as well as ordinary citizens. It is somewhat miraculous that someone has not been killed as a result of Mr. Gaston's actions. Previous periods of parole, probation, and a significant term of imprisonment have had no deterrent effect. Accordingly and unfortunately, the driver for this sentence has to be protection of the community and only a lengthy term of imprisonment can adequately protect the community under the circumstances.

(Mar. 16, 2015 Sent. Tr. (Dkt. No. 66) at 20-21)

In sum, Gaston presents a serious danger to the community. Accordingly, consideration of the Section 3553(a) factors indicates that the application for compassionate release should be denied.

## **CONCLUSION**

For the reasons stated above, Gaston's motion for compassionate release (Dkt. No. 145) is denied. The Clerk of Court is directed to terminate the motion (Dkt. No. 145).

Dated: New York, New York
November 20, 2024

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge